1
2
3
4
5              UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7
8   EDDIE CHAU,                          No. C 13-764 SI (pr)
9              Plaintiff,                **ORDER OF SERVICE**
10      v.
11  J. YOUNG; et al.,
12             Defendants.
13  _____/
14
15                      **INTRODUCTION**
16      Eddie Chau, currently an inmate at Salinas Valley State Prison, filed this *pro se* civil
17  rights action under 42 U.S.C. § 1983.   His complaint is now before the court for review under
18  28 U.S.C. § 1915A.
19
20                      **BACKGROUND**
21      Chau alleges in his complaint that Chaplain Young improperly had him removed from
22  the Muslim religious service list in August 2011, and thereby caused him to be denied access to
23  Jumu'ah services, all Islamic study classes, and participation in Ramadan.  He further alleges that
24  defendants  Binkele  and/or  Solis,  and  Young,  who  were  on  the  prison's  religious  review
25  committee that was supposed to ensure religious accommodations and access, failed to correct
26  the problem of his removal from the Muslim religious service list.
27
28

*United States District Court*
*For the Northern District of California*

1    The complaint alleges that Chau's removal from the service list was because he had been

2    identified as a member of a disruptive group involved in violence, although he denies that he was

3    involved.  His complaint also alleges that, although members of the disruptive group were in

4    several religions, only the Muslim religious group was impacted by the program decisions that

5    were based on the alleged violence in the facility.

6

7                                         **DISCUSSION**

8    A federal court must engage in a preliminary screening of any case in which a prisoner

9    seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

10   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

11   any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

12   or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

13   *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

14   696, 699 (9th Cir. 1990).

15   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

16   a right secured by the Constitution or laws of the United States was violated and (2) that the

17   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

18   U.S. 42, 48 (1988).

19   The First Amendment guarantees the right to the free exercise of religion.  In order to

20   establish a free exercise violation, a prisoner must show a defendant burdened the practice of his

21   religion without any justification reasonably related to legitimate penological interests.  *See*

22   *Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).  Inmates' religious freedoms also are

23   protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

24   § 2000cc-1.  Section 3 of RLUIPA provides: "No government shall impose a substantial burden

25   on the religious exercise of a person residing in or confined to an institution, as defined in

26   section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if

27   the burden results from a rule of general applicability, unless the government demonstrates that

28   imposition of the burden on that person (1) is in furtherance of a compelling governmental

**United States District Court**
For the Northern District of California

2

United States District Court
For the Northern District of California

interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

Giving it the liberal construction to which it is entitled, the *pro se* complaint states cognizable claims for a violation of Chau's First Amendment right to the free exercise of religion and for a violation of Chau's rights under RLUIPA. The complaint adequately links defendants Young, Binkele, and Solis to the claims.

Chau also urges that his right to equal protection was violated because only Muslim inmates were affected by the program decision even though the alleged disruptive group had members in several religions. The complaint, liberally construed, states a cognizable claim against defendants Young, Binkele, and Solis for a violation of Chau's rights under the Fourteenth Amendment's Equal Protection Clause. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause's command is "essentially a direction that all persons similarly situated should be treated alike.")

The potential liability of defendants Binkele and Solis – who allegedly were involved in the review of an inmate appeal – is under the First Amendment, RLUIPA, and the Equal Protection Clause, and is *not* under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). If a defendant only denied an inmate appeal about a religion problem that already had occurred and was complete (e.g., an exclusion of the inmate from a religious ceremony on a past date), there would be no liability for a constitutional violation; however, where the problem is an ongoing religious need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d

1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

The complaint does not state a claim against the warden, R. Grounds, because he is not alleged to have played any role in the denial of plaintiff's rights. The warden also does not have liability simply because he is in charge of the prison. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

**CONCLUSION**

1. The complaint, liberally construed, states cognizable claims under § 1983 for violations of plaintiff's First Amendment and equal protection rights, and under RLUIPA against defendants Young, Binkele, and Solis. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants, who apparently are employed at the Salinas Valley State Prison:

- chaplain J. Young
- correctional captain R. Binkele
- chief deputy warden A. Solis

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **July 12, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, defendants must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a

4

motion.  *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 2, 2013**.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 16, 2013**.

    4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so.  The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.  *See generally  Stratton v. Buck*, 697 F.3d at 1008-09.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

5.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: April 30, 2013                              _____
                                                    SUSAN ILLSTON
                                                    United States District Judge