UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDDIE CHAU,

    Plaintiff,

v.

J. YOUNG; et al.,

    Defendants.

No. C 13-764 SI (pr)

**ORDER EXTENDING DEADLINES AND DENYING REQUEST FOR COUNSEL**

    Defendants have filed an *ex parte* request for an extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Kevin Voth, the court GRANTS the request. (Docket # 9.) The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **October 11, 2013**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **November 8, 2013**. Defendants must file and serve their reply brief (if any) no later than **November 22, 2013**.

    Plaintiff has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances

requiring the appointment of counsel are not evident. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 6.)

Finally, the court wants to clarify a point that plaintiff has misunderstood. The order of service set a briefing schedule that called for defendants to file a motion for summary judgment or other dispositive motion by July 12, 2013, approximately ten weeks after the order of service. In his motion for appointment of counsel, plaintiff wrote that the court's order of service "compel[led] resolution of the case in 60 days." Docket # 6, p. 2. Plaintiff misunderstands the situation. The court sets a deadline for a dispositive motion in order to move a case toward resolution, but does not require that the case be resolved in 60 days. In the absence of any deadlines, a defendant might do nothing and a *pro se* plaintiff might not know what to do to move his action forward; such an action would simply linger on the court's docket unresolved and benefitting no one. Deadlines tend to make the litigants focus on resolving the case, one way or another. Not only is there no requirement that a case be resolved in 60 days, if a dispositive motion is denied, a case may be referred for settlement proceedings, set for trial or have other activity. And, of course, reasonable requests for extensions of time during any of these events are always considered. There simply is no set time limit for the life of a case; it will take as long as it takes, but the court does try to keep it moving toward some sort of resolution – whether that resolution be by dispositive motion, by trial, or by settlement.

IT IS SO ORDERED.

Dated: June 28, 2013

_____
SUSAN ILLSTON
United States District Judge

2